IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MONTEVAILO, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL FIRE & MARINE INSURANCE COMPANY, and DOES ONE THROUGH FIFTY,<br><br>Defendants. | **8:26-CV-392**<br><br>**ORDER DENYING THE PLAINTIFF'S MOTION TO COMPEL ARBITRATION WITHOUT PREJUDICE** |

This case is before the Court on Plaintiff's Motion to Compel Arbitration. Filing 15. The case was originally filed by Plaintiff in California state court and removed to the United States District Court for the Central District of California. Filing 1. On July 31, 2026, the case was transferred to this Court when the Defendant's Motion to Transfer Venue Under 28 U.S.C. § 1404(a), Filing 8, was granted. Filing 24. When the parties originally briefed Plaintiff's Motion to Compel Arbitration, the case was before the United States District Court for the Central District of California. Filing 15-1; Filing 21; Filing 23. The Court concludes that the circumstances giving rise to the Motion to Compel Arbitration are now different than they were when the motion was originally filed in the Central District of California. This is in part due to the fact that the Motion was made in combination with the motion to transfer venue to this Court. The Court's review of the Motion and controlling documents suggests that more focused briefing is required on issues relevant to the disposition of the Motion. The Court concludes that the appropriate course in these circumstances is to deny Plaintiff's Motion to Compel Arbitration without prejudice to reassertion, if Plaintiff so chooses.

If Plaintiff chooses to refile its Motion to Compel Arbitration, the Court requests that the parties specifically address in their briefing the effect of Sections (H) and (I) of the Appraisal Condition on the Court's authority to compel arbitration. Filing 15-3 at 5. Section (H) provides that "[a]ppraisal is a non-judicial proceeding and does not provide for or require arbitration. . . ." Filing 15-3 at 5. Additionally, Section (I) states, "A party may not demand appraisal after that party brings suit or action against the other party relating to the amount of the loss." Filing 15-3 at 5. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel Arbitration, Filing 15, is denied without prejudice to reassertion in full compliance with applicable local rules and the Federal Rules of Civil Procedure. Plaintiff shall have to and including Wednesday, September 30, 2026, to refile a Motion to Compel Arbitration if Plaintiff so chooses. All responses and replies will conform to Local Rule 7.1(c). NECivR 7.1(c).

Dated this 15th day of September, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge